[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 108
FACTS
The plaintiff alleges various claims stemming from his termination as the President and Chief Executive Officer of Quaezar, Inc., a private corporation. Specifically, the plaintiff, William Sidarweck ("Sidarweck"), alleges that the defendant, Linda Underwood ("Underwood"), had some level of involvement or influence on the decision of the Board of Directors of Quaezar, Inc. to discharge him from employment. Underwood is the regional director of the State of Connecticut Department of Mental Retardation.
On September 29, 1997, Underwood filed an appearance and a motion to dismiss on the ground of sovereign immunity.[1] As required by Practice Book § 143, Underwood also filed a memorandum in support of her motion to dismiss. Sidarweck filed an objection to the motion to dismiss and a memorandum in support of the objection on October 6, 1997. Underwood then filed a reply memorandum in support of her motion to dismiss on October 9, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot
as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins.Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996).
Underwood moves to dismiss counts five and seven of the first amended complaint. The grounds for this motion are that the court lacks jurisdiction over the subject matter according to General Statutes § 4-165 and the principle of sovereign immunity. Sidarweck, however, contends that the court has jurisdiction over Underwood because she has been sued in her individual capacity CT Page 11543 for negligently inflicting emotional distress on him in count five and interfering with Sidarweck's contract in count seven. In addition, Sidarweck argues that Underwood's actions were intentional and malicious.
General Statutes § 4-165 provides immunity to state employees from personal liability for injury not wantonly, recklessly or maliciously caused in the discharge of their duties and within the scope of their employment. General Statutes § 4-165. "It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit." Antinerella v. Rioux, 229 Conn. 479, 487,642 A.2d 699 (1994). "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." Id., 487-88. "`In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . .'" Id., 488. "`Where no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction.'" Id., quoting Horton v. Meskill, 172 Conn. 615,624, 376 A.2d 359 (1977).
In counts five and seven, Sidarweck does not allege facts sufficient to establish that Underwood was acting as an individual outside the scope of her employment. Therefore, as Underwood argues, General Statutes § 4-165 is applicable and she would be immune from liability. (Underwood's Reply Memorandum, pp. 2-3).
Sidarweck, however, contends that paragraph four of counts five and seven of the first amended complaint identifies Underwood as an individual and that paragraph nineteen of count five states: "Underwood, as an individual, owed a duty of care . . . ." (Sidarweck's Opposition Memorandum, p. 4). Sidarweck relies on Antinerella v. Rioux, supra, 229 Conn. 479, in arguing that General Statutes § 4-165 is not applicable and Underwood is therefore liable for her acts as an individual outside the scope of her employment. In interpreting "within the CT Page 11544 scope of employment", the court looked to "whether the employee was reasonably fulfilling the duties of employment or doing something incidental to it." Id, 498. The court stated that where "the wrongful conduct was intended to effectuate an illegal fee splitting scheme for which the defendant himself could be fired, it would be inconsistent and inappropriate for us to consider such conduct by the defendant to be incidental to his employment as high sheriff or beneficial to the government as his employer." Id. Here, although Sidarweck referred to Underwood in her individual capacity, Sidarweck has not pleaded sufficient facts to establish that Underwood had any dealings with Sidarweck or other defendants in any capacity other than as a Regional Director of the Connecticut Department of Mental Retardation. Nor has Sidarweck pleaded facts showing that Underwood was acting outside the scope of her employment. Therefore, it is submitted that Underwood's actions fall within the provision of General Statutes § 4-165 and the principles of sovereign immunity.
The court finds that the "wanton, reckless or malicious" exception to General Statutes § 4-165 does not apply because counts five and seven do not allege facts sufficient to establish wanton, reckless or malicious conduct. "In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint." Tremblay v.Webster, Superior Court, judicial district of New London at New London, Docket Number 530898 (February 23, 1995, Hendel, J.). "The complaint must make a specific allegation setting out the conduct that is claimed to be reckless or malicious . . . ." (Internal quotation marks omitted.) Id.
Count five alleges that Underwood negligently inflicted emotional distress on Sidarweck. "There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Warner v. Leslie-ElliotConstructors, Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984). Here, Sidarweck refers to "the effort of Linda Underwood to interfere with Plaintiff's employment contract and business opportunities." (First Amended Complaint, Counts Five and Seven, ¶ 14). Sidarweck also alleges that "Underwood breached her duty of care by falsely attacking Plaintiff's professional ability." (First Amended Complaint, Count Five, ¶ 20). Sidarweck, however, fails to clearly demonstrate that he is alleging a cause of action for willful and malicious conduct as opposed to a cause of CT Page 11545 action for negligence.
Count seven alleges interference with contract against Underwood. Sidarweck alleges that Underwood's actions were "intentional", "unreasonabl[e]", and "improper". (First Amended Complaint, Count Seven, ¶ 25). "It is true that while wanton or malicious conduct may connote intent, intentional conduct in many circumstances does not necessarily require wantonness, recklessness or malice." Ford v. Board of Trustees ofConnecticut State University, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 511557 (August 12, 1983, Koletsky, J.). Considering the allegations of the complaint in the manner most favorable to the plaintiff, the court finds that counts five and seven do not employ language explicit enough to inform the court and opposing counsel that wanton, reckless or malicious conduct is being alleged and thus the exception to § 4-165 does not apply.
Based on the above Underwood's motion to dismiss is granted as Underwood's actions fall within the provision of General Statutes § 4-165 granting state employees immunity, thus depriving the court of subject matter jurisdiction.
DAVID W. SKOLNICK, JUDGE